24219. HAIR v. CHILTON, Executor.

Argued September 13, 1967—Decided September 21, 1967—Rehearing denied October 5, 1967.

*William G. McRae,* for appellant.

*Dan E. McConaughey, Harold B. Thompson,* for appellee.

Almand, Presiding Justice. This appeal is from an order dismissing the appellant's motion for a new trial.

N. H. Chilton, executor of the estate of Mattie R. Hair and the appellee here, in a two-count petition against William Clifton Hair, Jr., the appellant, sought the cancellation of a warranty deed from appellee's testatrix to the appellant conveying fee simple title in a certain described tract of land in DeKalb County. Count 1 alleged that said deed was void because Mattie R. Hair was without mental capacity to execute a deed on October 15, 1965, the date of execution, and Count 2 alleged

that said deed was void because the appellant exercised undue influence upon Mattie R. Hair in obtaining its execution. The issues made by the petition and answer came on for a trial before the court and jury. The jury returned a verdict on February 16, 1967, in favor of the appellee on Count 2 and an order was entered canceling the deed.

The appellant filed a motion for a new trial on the general grounds. Subsequently, one special ground was added by amendment. The amended motion for new trial came on for a hearing and at the conclusion of the hearing, the court entered an order on May 30, 1967, dismissing the motion for a new trial on the ground that no brief of evidence had been filed in the case. Notice of appeal was given and four errors enumerated on the order dismissing the motion for a new trial. The fourth enumeration of error is that the "court erred in dismissing appellant's motion for new trial as amended, without first making available to the court a transcript of the evidence and proceedings in said case, of which the official court reporter had taken notes as provided by law, prepared and certified by the official court reporter as true, complete and correct, upon counsel for appellant offering to pay the reporter therefor, or making other provision for such payment, so that the trial judge could change or require the correction thereof if necessary to compile a true record of the evidence and proceedings on the trial." In the first three enumerations of error, the appellant assigns error on, (a) admitting testimony of a named witness, (b) entering the judgment, and (c) giving to the jury certain of appellee's requested charges.

As we view the record, it is necessary to review only the complaint made in the fourth enumeration of error that the court erred in dismissing the motion for a new trial for the want of a brief of evidence. The court's order dismissing the motion recites the following: "This motion for new trial coming on regularly to be heard, and it appearing to the court that at the time this case came on for trial before a jury, counsel for the defendant advised the court reporter that the defendant did not want the case reported; that when counsel for plaintiff was advised of this he stated in open court that the plaintiff

wanted the case reported and that the defendant did not and that the transcript would belong to the plaintiff; upon instruction from the court the parties stipulated in the record the following: 'Let the record show that the plaintiff desires this record taken down and the defendant does not.'

"It further appearing to the court that a purported brief of the evidence has been tendered by the defendant of 31 pages which was prepared from the memory of counsel for the defendant, and such having been objected to by plaintiff on the grounds that the brief is incomplete and incorrect, and after hearing evidence from both parties on the issue as to whether or not said purported brief of the evidence is complete and correct, the court hereby finds that said purported brief of the evidence is incomplete and incorrect, such instances of incompleteness and incorrectness having been pointed out by the court to the defendant, and counsel for the defendant having stated to the court that he cannot provide a more accurate brief from memory, and the court hereby certifies that because of the lapse of time since the trial of this case and because of the length of the trial (2½ days) and the extent of the evidence introduced at the trial, the court cannot remember all of the evidence brought out at the trial so as to point out all of the instances where said purported brief is incomplete and incorrect, the purported brief of the evidence is hereby disapproved."

Section 10 (g) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 26; *Code Ann.* § 6-805 (g)) provides as follows: "Where a trial is not reported as hereinbefore referred to, or where for any other reason the transcript of the proceedings is not obtainable, and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as above referred to; in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review, and if the trial judge is unable to recall what transpired he shall enter an order stating that fact."

The record in this case discloses that when the motion for a new trial came on for a hearing, the court was presented a purported brief of evidence prepared by appellant's counsel from memory. The appellant's brief of evidence was objected to by counsel for the appellee on the grounds it was incomplete and incorrect. The court after hearing evidence found that the brief of evidence was incomplete and incorrect and that Sec. 10 (g) of the Appellate Practice Act of 1965 was applicable, and the trial judge stated he could not review the evidence.

Appellant relies upon *Code Ann.* § 24-3105 (Ga. L. 1957, pp. 224, 240) which provides: "It shall be the duty of all court reporters to transcribe the evidence and other proceedings, of which he has taken notes as provided by law, whenever requested to do so by counsel for any party to such case, and upon being paid the legal fees for such transcript." This provision is not applicable here because the record does not disclose that appellant paid or offered to pay the court reporter the legal fees for a transcript of the evidence.

The court did not err in dismissing the motion for a new trial.

Since the first three enumerated errors require a consideration of the evidence adduced at the trial and there being no brief of evidence in the record, they cannot be considered.

*Judgment affirmed. All the Justices concur.*